**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4161-15T3

IN THE MATTER OF THE ESTATE
OF JAMES E. MELLODGE, DECEASED.

_____

Argued September 19, 2017 — Decided September 26, 2017

Before Judges Fisher and Moynihan.

On appeal from the Superior Court of New Jersey, Chancery Division, Probate Part, Hunterdon County, Docket No. 047164.

Ronald P. Colicchio argued the cause for appellants Joyce Sealtiel and Saul Ewing, LLP (Saul Ewing, LLP, attorneys; Russell J. Fishkind and Mr. Colicchio, on the brief).

Paul W. Norris argued the cause for respondent Joan Bozan (Stark & Stark, attorneys; Mr. Norris, on the brief).

PER CURIAM

James E. Mellodge died in 2013. He disposed of his property by way of a last will and testament and through the creation of certain bank accounts payable on death (POD accounts). His youngest surviving child, Joyce Sealtiel, qualified as executrix of the

estate; she was also a beneficiary of a few POD accounts.[1] The last will and testament made specific monetary requests to one daughter and one son, while the other four children, including Joyce, were bequeathed equal shares of the residuary estate.

In an earlier probate action involving this estate, Joan Bozan,[2] the decedent's oldest daughter, asserted that undue influence was the cause of decedent's designation of Joyce, the youngest daughter, as a beneficiary of POD accounts totaling approximately $139,000. Joan's complaint also alleged that Joyce had failed to account for $800,000 in assets — a claim soon abandoned. After a two-day trial, the judge rejected Joan's claim that any POD account was the product of undue influence.

Joyce then filed a verified complaint. As is the practice, R. 4:87-1(a), the surrogate entered an order requiring, on the return date, that any interested parties show cause why Joyce's final accounting should not be approved and why the estate should not bear certain fees incurred in the prior undue-influence suit. On the return date, the judge heard Joyce's testimony as well as the testimony of the estate's prior attorney. Requiring further

---

[1] Decedent's other children were beneficiaries of other POD accounts.

[2] Two other siblings — James Mellodge and Judy Newman — were also plaintiffs but withdrew from the matter soon after its commencement.

amplification, the judge later accepted additional submissions and documents from the parties before rendering his March 28, 2016 written decision.

In relying on what was provided in response to the order to show cause, as well as his own familiarity with the proceedings as a result of presiding over the undue-influence trial, the judge determined that the counsel-fee requests of Saul Ewing, a law firm which represented both Joyce and the estate, and Stark & Stark, which represented Joan, were "breathtakingly excessive" due to their "scorched-earth" approach; the judge held that if permitted, a full award of their fees — both firms sought awards of approximately $200,000 each, and the probate assets totaled $650,000 — "would swallow more than half of the probate estate." The judge found that Saul Ewing, in its role as the estate's litigation counsel, was entitled to a $25,000 fee and, in its role as Joyce's counsel in defending her right to benefit from the POD accounts, was entitled to a $40,000 fee. And, because the estate had already paid Saul Ewing slightly in excess of $200,000, the judge found Saul Ewing obligated to reimburse the estate; Joyce was also obligated to return funds to the estate, insofar as Saul Ewing had been paid from the estate for fees due to Saul Ewing from her individually. The April 21, 2016 judgment disposed of all other issues concerning the accounting and the fees sought.

Joyce and Saul Ewing appeal, arguing:

> I. THE COURT ABUSED ITS DISCRETION IN HOLDING A FORMAL TRIAL ON THE RETURN DATE OF THE ORDER TO SHOW CAUSE WITHOUT PROVIDING PROPER NOTICE TO THE PARTIES.
>
> II. THE COURT ABUSED ITS DISCRETION IN LIMITING THE AWARD OF COUNSEL FEES INCURRED BY THE ESTATE IN THE UNDERLYING LITIGATION AND ACCOUNTING ACTION TO $25,000.
>
> III. THE COURT ABUSED ITS DISCRETION IN SEEKING TO BIND THE EXECUTRIX TO REIMBURSE THE ESTATE FOR ANY ADDITIONAL FEES PROPERLY AWARDED TO SAUL EWING AFTER APPEAL.
>
> IV. THE COURT ABUSED ITS DISCRETION IN GRANTING EXCEPTIONS TO THE EXECUTRIX'S ACCOUNT FOR WORK SHE ACTUALLY PERFORMED ON BEHALF OF THE ESTATE.

We find insufficient merit in Points I, II and IV to warrant further discussion in a written opinion, R. 2:11-3(e)(1)(E), and we affirm the disposition of the counsel-fee requests substantially for the reasons set forth by Judge William M. D'Annunzio in his thorough and well-reasoned written decision. The judge was imbued with considerable discretion in ascertaining the appropriate fee awards. The written decision reveals that the judge thoroughly assessed the nature of the claims and the parties' "scorched-earth" efforts in seeking vindication of their positions; the experienced judge then employed his considerable discretion in fixing a reasonable fee in these circumstances. We agree with the judge that this case presented no particular

4

difficulties other than those generated by an "antagonism" between Joan and Joyce that ventured well "beyond sibling rivalry." Joyce and Saul Ewing have presented no principled reason for either second-guessing the experienced trial judge's view of the matter or his determination of what constituted a reasonable fee in such a case.

We add only a few brief comments about Point I. Joyce and Saul Ewing argue they were deprived of due process because the judge elicited testimony on the return date despite a contrary direction contained in the order to show cause. That is, the order to show cause stated that testimony would not be taken on the return date unless the parties were otherwise advised three days before the return date. Because they were not so notified, Joyce and Saul Ewing claim surprise and prejudice in what occurred on the return date. We reject this because Joyce and Saul Ewing were not prejudiced. Even now they have not shown how their causes were hampered or limited because of the manner in which the case proceeded. Indeed, the issues on appeal concern counsel fees, and the judge did not permit testimony in that regard — let alone on the return date — deciding instead to consider the fee dispute by examining the certifications that had been submitted and his familiarity and understanding of the case — a sound approach. Moreover, the record was not closed on the return date, and the

parties were given the opportunity to provide additional submissions prior to the judge's disposition of the pending issues.

Finally, we have no reason to reach Point III because it contains Joyce and Saul Ewing's argument about a portion of the judgment — a direction that if Saul Ewing, "as the result of an appeal, is not required to fully reimburse the estate, . . . then Joyce . . . is surcharged in the amount due to the estate" — which has not been triggered here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4161-15T3